```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

TONY DeVAUGHN COLEMAN,          :

    Petitioner,                 :

v.                              :         CIVIL ACTION 04-0291-CG-M

JERRY FERRELL,                  :

    Respondent.                 :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Tony DeVaughn Coleman pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of felony murder, first-degree burglary, first-degree robbery, and first-degree kidnapping in the Circuit Court of Mobile County on July 13, 2000 for which he received life sentences on each count, to be served concurrently, in the state penitentiary (Doc. 3, pp. 2-3; *see*

Doc. 11, p. 1; Doc. 11, Exhibit A, 1-7).[1]  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 11, Exhibit B-1).  *Coleman v. State*, 836 So.2d 999 (Ala. Crim. App. 2001) (table).  Coleman did not seek *certiorari* in the Alabama Supreme Court (Doc. 3, p. 4).  The certificate of final judgment was entered on June 5, 2001 (Doc. 11, Exhibit B-2).

Petitioner filed his first Rule 32 petition on June 4, 2002 (Doc. 3, p. 4; Doc. 11, Exhibit A, p. 9).  The petition was denied and dismissed on June 10, 2002 (Doc. 3, p. 4; Doc. 11, Exhibit A, p. 9).  Coleman did not appeal the decision (*see* Doc. 11, p. 2).

Petitioner filed a second Rule 32 petition on December 4, 2002 (Doc. 3, p. 4; Doc. 11, Exhibit A, p. 10).  The petition was denied and dismissed on December 12, 2002 (Doc. 11, Exhibit A, p. 10).  The Alabama Court of Criminal Appeals remanded the action, finding that the trial court had

---

[1]The Court notes that Coleman states in his habeas petition that he was convicted of capital murder (Doc. 3, p. 3).  The case action summary provided by Respondent, however, shows that although Petitioner was charged with capital murder, he was acquitted of that charge but found guilty of felony murder (Doc. 11, Exhibit A, pp. 1-7).

The Court further notes that Respondent has stated that Petitioner is challenging the first-degree kidnapping conviction and has failed to acknowledge that Coleman is challenging the felony murder conviction in this habeas petition (Doc. 11, p. 1).  The Court, finds, however, that this oversight is harmless in light of the ultimate findings of the Court.

improperly found Petitioner guilty of felony murder as well as the underlying felonies of first-degree robbery, first-degree burglary, and first-degree kidnapping (Doc. 11, Exhibit A-1). On remand, the Circuit Court vacated the conviction and sentence for first-degree kidnapping, so the Appellate Court dismissed the appeal (Doc. 11, Exhibit A-2).  The Certificate of Judgment was entered on March 12, 2004 (Doc. 11, Exhibit A-3).

Petitioner filed a complaint with this Court on April 29, 2004[2] raising the following claims:  (1) His convictions were obtained by double jeopardy; and (2) his appellate attorney rendered ineffective assistance (Doc. 3).  Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 11, pp. 6-9).[3]  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28

---

[2]Respondent states that Petitioner did not file this complaint until June 1, 2004 (Doc. 11, p. 9).  While Coleman did not file a petition which was in the form this Court requires until that date (Doc. 3), Petitioner initiated this action on April 29, 2004 with the filing of a pleading entitled "Application for Certificate of Appealability For State Prisoners [sic] Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Doc. 1).

[3]The Court also notes that Respondent argues that Petitioner has procedurally defaulted on his claim of double jeopardy (Doc. 11, pp. 6-7).  However, because of the Court's ruling on the Statute of Limitations defense, the Court finds it unnecessary to address the procedural default defense.

U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on June 5, 2001, the day on which the Certificate of Judgment was entered (Doc. 11, Exhibit B-2).  However, because Coleman had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, those ninety days do not count against him-- whether he actually sought review or not.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  Adding those ninety days to June 5, 2001 means that the Statutes of Limitations clock did not begin to run until September 5, 2001.[4]

Petitioner's habeas corpus petition was not filed in this

---

[4] The Court notes that ninety days would actually run out on September 3, 2001, but because that day was a holiday, Labor Day, Coleman would be given until the next day to file his appeal.

4

Court until April 29, 2004, two and one-half years after the clock began to run.  However, Petitioner filed his first Rule 32 petition in State Court on June 4, 2002, using two hundred, seventy-three days of his one-year limitations period.  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The State did not finish with Petitioner's first Rule 32 until June 10, 2002 (Doc. 11, Exhibit A, p. 9), at which time the clock began to run again.

    Petitioner filed a second Rule 32 petition on December 4, 2002, allowing one hundred, seventy-seven days to lapse on the Statute of Limitations clock.  The State finished with Coleman's second Rule 32 petition on March 12, 2004 when the Certificate of Judgment was entered (Doc. 11, Exhibit A-3), at which time the clock began to run again.

    Petitioner filed this action on April 29, 2004, having allowed fifty-eight more days to lapse.  Adding the three lapses of time together, the Court notes that Coleman allowed a total of five hundred, eight days to lapse before filing

this habeas petition.[5]  This comes nearly five months beyond the limitations period.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996 (*see* Doc. 12, pp. 5-6).  This action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Tony DeVaughn Coleman pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings

---

[5]September 5, 2001 through June 4, 2002 equals:  273 days
June 10, 2002 through December 4, 2002 equals  177 days
March 12, 2004 through April 29, 2004 equals  58 days
Total number of days lapsed equals  508 days

and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 18th day of July, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE